Commonwealth of Pennsylvania *v.*
Manfred DeRewal, Appellant.

Argued October 5, 1979, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Jonathan D. Dunn,* for appellant.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for appellee.

OPINION BY JUDGE MACPHAIL, January 11, 1980:

Manfred DeRewal was charged with and convicted of a violation of The Clean Streams Law (Law), Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.1 *et seq.*

In 1973, DeRewal's company had been ordered by the Department of Environmental Resources (DER) to submit a Pollution Incident Plan. The company failed to do so. Between the date of the DER·order and the time of DeRewal's arrest on the charge of violating the Act, there were two incidents involving alleged offenses of pollution. DER pursued its statutory remedies in each case. On September 8, 1976, there was a sulfuric acid spill and DeRawel was charged as a second offender under Section 602(b) of the Law, 35 P.S. §691.602(b).[1] Following his conviction, DeRewal filed post trial motions which were denied by a court en banc in an opinion by Judge Arthur P. Walsh, Jr. reported in 30 Bucks Co. L. Rep. 288 (1977).

The sole issue raised in this appeal and the principal issue argued by DeRewal to the court en banc was that the trial judge erred in refusing DeRewal's request that the jury be instructed that they could not convict him unless they found that his non-compliance with the DER order was knowing, willful and intentional.[2] We adopt that portion of Judge Walsh's opinion which decides that issue against DeRewal.

Judgment of sentence affirmed.

## Order

And Now, this 11th day of January, 1980 the judgment of sentence entered by the Bucks County Court of Common Pleas on September 13, 1977 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.

---

[1] One of the intervening offenses occurred on July 24, 1975 and DeRewal was convicted of a summary offense under the provisions of 35 P.S. §691.602(a).

[2] Section 602 was amended by the General Assembly on October 7, 1976 by providing for stiffer penalties and inserting the words "wilfully or negligently" with respect to second and subsequent violations. Act of October 7, 1976, P.L. 1099, 35 P.S. §691.602.